J-A27015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. WARE | : | |
| | : | |
| Appellant | : | No. 1256 EDA 2019 |

Appeal from the PCRA Order Entered April 1, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000029-2015

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                 **FILED JANUARY 31, 2020**

Michael J. Ware appeals from the April 1, 2019 order dismissing as untimely his second petition under the Pennsylvania Post-Conviction Relief Act ("PCRA").  We affirm.

This Court aptly summarized the underlying factual history of this case in an unpublished memorandum affirming Appellant's judgment of sentence:

> On August 30, 2014, Appellant allowed his unlicensed 15-year-old daughter ("J.W.") to drive his vehicle with another minor, R.A.K. J.W. and R.A.K. subsequently picked up four teenage boys as passengers.  J.W. lost control of the vehicle on a turn and crashed. Three of the teenage boys died as a result of the accident.
>
> [Appellant] stood at the scene of [the] vehicular accident that left three teenage boys dead and told police that he did not know his underage daughter took his vehicle.  Despite his daughter taking full responsibility for the accident, Appellant did not confess to investigating officers that he had given his underage daughter

---

[*] Retired Senior Judge assigned to the Superior Court.

permission to drive his vehicle. It was not until two and a half months after the accident when police learned the truth [from a written statement provided by J.W.].

. . . .

On July 9, 2015, Appellant pled guilty to [three counts of involuntary manslaughter and three counts of recklessly endangering another person ("REAP")] in exchange for seven additional charges against him being *nolle prossed*.

. . . .

On August 20, 2015, after reviewing Appellant's pre-sentence investigation ("PSI") report, a letter from Appellant, letters from Appellant's friends and family, and letters from the victims' families, the trial court sentenced Appellant to 20-40 months' incarceration for each of his involuntary manslaughter convictions and 6-24 months' incarceration for each of his REAP convictions. The court imposed the sentences consecutively, which resulted in an aggregate sentence of 78-192 months' (6½-16 years') incarceration.

*Commonwealth v. Ware*, 154 A.3d 850 (Pa.Super. 2016) (unpublished memorandum at 1-3).

Appellant filed a direct appeal from his judgment of sentence, which this Court affirmed on July 11, 2016. Appellant did not appeal to the Pennsylvania Supreme Court. The PCRA court denied Appellant's first PCRA petition on July 12, 2017, after his first PCRA counsel withdrew representation under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Appellant did not appeal.

Appellant filed the instant petition on October 30, 2018, arguing in pertinent part that his sentence is illegal. Specifically, Appellant asserts that

- 2 -

he was entitled to a Recidivism Risk Reduction Incentive ("RRRI") sentence pursuant to 61 Pa.C.S. § 4505. The PCRA court advised Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and Appellant declined to file a response. On April 1, 2019, the PCRA court dismissed Appellant's PCRA petition as untimely. Appellant filed a timely notice of appeal, and both Appellant and the PCRA complied with the requirements of Pa.R.A.P. 1925. The matter is now ripe for our review.

In pertinent part, Appellant's claim is that his sentence is illegal because he was allegedly eligible for a RRRI sentence, but neither his counsel nor the sentencing court realized this oversight at the time of sentencing. Accordingly, Appellant requests that he be resentenced consistent with the RRRI statutory scheme. **See** Appellant's brief at 9-10.

Our standard and scope of review in the context of a petition for relief pursuant to the PCRA is well-established under existing precedent. Our standard of review is "limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013). Furthermore, "[o]ur scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012). We apply a *de novo* standard of review with regard to the PCRA court's legal conclusions. **See Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

However, before we may address the underlying merits of Appellant's PCRA petition, we must assess whether the petition is timely, or subject to one of the exceptions to the timeliness requirements under the PCRA. ***See Commonwealth v. Walters***, 135 A.3d 589, 591-92 (Pa.Super. 2016) ("[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed."). In pertinent part, the PCRA provides as follows regarding timeliness:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

. . . .

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b). In reviewing these statutory provisions, it is also important to note that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." ***Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008).

- 4 -

Appellant's judgment of sentence became final for the purposes of PCRA timeliness on August 10, 2016, when Appellant's time in which to seek review before the Pennsylvania Supreme Court in his direct appeal expired. *See* Pa.R.A.P. 903(a) (appeals must be taken within 30 days from the entry of the appealable order); *see also* 42 Pa.C.S. § 9545(b)(3). Thus, to be timely, the instant PCRA petition would have to have been filed on or before August 10, 2017. However, Appellant's PCRA petition, filed on October 30, 2018, is facially untimely by more than one year.

Appellant claims that the exception at § 9545(b)(1)(ii) respecting newly discovered material facts should apply in this case due to an unsupported allegation that Appellant's first PCRA counsel "effectively abandoned him during the [first] PCRA proceeding by wrongly conceding" that Appellant was not RRRI eligible. *See* Appellant's brief at 23-24; *see also* Letter from PCRA Counsel, 4/18/17, at 3 ("The defendant is not RRRI eligible."). We disagree.

The timeliness exception set forth at § 9545(b)(1)(ii) has two operative components, which must both be alleged and proved in order to establish this exception to PCRA timeliness. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Specifically, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) the facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). In this context, "due diligence demands that the petitioner take reasonable steps to

protect his own interests and explain why he could not have learned the new facts earlier with the exercise of due diligence." ***Commonwealth v. Diggs***, ___ A.3d ___, 2019 WL 5090973, at 3 (Pa.Super. 2019). Furthermore, a PCRA petition invoking one of these exceptions must be filed within sixty days of the date the claims could have been presented. 42 Pa.C.S. § 9545(b)(2).[1]

Appellant has attempted to cast PCRA counsel's statement regarding his RRRI eligibility as the functional equivalent of abandonment by counsel, which our Supreme Court has held is applicable in the context of § 9545(b)(1)(ii). ***See Bennett***, ***supra*** at 1274. Given that Appellant's first PCRA counsel followed the correct procedure to withdraw her representation of Appellant

---

[1] As of December 24, 2018, 42 Pa.C.S. § 9545(b)(2) was amended to provide that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. In relevant part, the amendment states that "it shall apply to claims arising one year before the effective date of this section or thereafter." ***See*** 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), at § 3. Based upon the limited factual history presented by Appellant, it is somewhat unclear which version of this statute should be applied to Appellant's PCRA petition. The letter from Appellant's PCRA counsel disclaiming his RRRI eligibility was attached to her April 18, 2017 petition to withdraw. Although the certified record is silent as to when Appellant received any documentation regarding the filings from PCRA counsel, the record before us indicates that Appellant received a copy of the PCRA court's order dismissing his petition via certified mail on July 18, 2017. ***See*** Order, 7/12/17, at 1. In pertinent part, Appellant makes no argument regarding when he received notice of this allegedly "new" information. Based on the record before us, Appellant's instant claim arose—at the latest—on July 18, 2017, which does not fall within the one-year lookback period established by the General Assembly. Therefore, the prior version of § 9545(b)(2) applies to this case, which set a time limit of sixty days for PCRA claims based upon newly discovered facts. This distinction does not affect the outcome of this case, as discussed further *infra*.

under **Turner**/**Finley**, Appellant's abandonment claim rings hollow. **See** Appellant's brief at 24 (conceding first PCRA counsel "did make some minimal effort to examine [Appellant's] case and withdraw from representation").

Even assuming, *arguendo*, that Appellant's discovery of PCRA counsel's allegedly incorrect legal conclusion constitutes a newly discovered fact for the purposes of § 9545(b)(1)(ii), Appellant has offered no salient discussion of **when** and **how** he learned about his alleged RRRI eligibility and first PCRA counsel's "abandonment" by failing to press that claim. Prior PCRA counsel's letter disclaiming Appellant's RRRI eligibility was sent on April 18, 2017, and Appellant's second PCRA petition was not filed until October 30, 2018. In his briefing before this Court, Appellant's entire discussion of this eighteen-month latency period spans a single sentence: "While his current PCRA petition was not filed within one year of his sentencing becoming final, he has filed it within 60 days of learning of his PCRA counsel's total abdication of her responsibility to represent him, and thus it is timely." Appellant's brief at 23. Petitioners alleging abandonment under § 9545(b)(1)(ii) must still comply with § 9545(b)(2) by presenting the claim within the appropriate time period. **See Commonwealth v. Williams**, 21 A.3d 236, 242-43 (Pa.Super. 2011).

In pertinent part, Appellant did not allege or demonstrate that he has acted with due diligence in advancing this claim, and, thus, he failed to satisfy the requirements of § 9545(b)(1)(ii). **See Commonwealth v. Yarris**, 731 A.2d 581, (Pa. 1999) (holding that petitioner does not satisfy § 9545(b)(1)(ii)

where "he makes no attempt to explain why the information . . . could not, with the exercise of due diligence, have been obtained much earlier"); ***see also Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa.Super. 2000) (holding that petitioner does not satisfy § 9545(b)(1)(ii) when he fails to provide the date on which he learned of the newly discovered facts).

We conclude that Appellant has failed to satisfy the timeliness exception at 42 Pa.C.S. § 9545(b)(1)(ii).[2] Accordingly, we affirm the trial court's dismissal of Appellant's second PCRA petition as untimely.

---

[2] Appellant has argued that our Supreme Court's holding in ***Commonwealth v. Holmes***, 933 A.2d 57, 65-66 (Pa. 2007), stands for the proposition that Appellant's illegal sentence may be corrected pursuant to the sentencing court's "inherent authority" even in the absence of jurisdiction under the PCRA. ***See*** Appellant's brief at 12. Appellant has greatly mischaracterized the procedural posture of the Supreme Court's holding in ***Holmes***. In relevant part, the appeal in ***Holmes*** did **not** result from a petitioner seeking modification of an allegedly illegal sentence, but was a Commonwealth appeal from the sentencing court's exercise of its "inherent power" to correct a patent error in its sentencing order, *e.g.*, sentencing the defendant to a new sentence after a parole violation instead of recommitting him for the remainder of his original sentence. ***Id***. at 59-60. Instantly, the sentencing court has taken no such action and there has been no exercise of "inherent authority" by the sentencing court. Thus, ***Holmes*** is simply inapposite to the circumstances of this case. The Supreme Court's holding in ***Holmes*** did nothing to alter the basic principle that the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . ." 42 Pa.C.S. § 9542. Moreover, the Supreme Court has explicitly stated that "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still satisfy the PCRA's time limits or one of the exceptions thereto.**" ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (emphasis added); ***see also Commonwealth v. Jackson***, 30 A.3d 516, 522 (Pa.Super. 2011) ("[W]e have found no authority wherein the appellate courts of this Commonwealth have recognized a PCRA court's inherent jurisdiction to consider a claim filed after the expiration of the PCRA

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/20

---

filing period."). The only arguably on-point citations offered by Appellant are to unpublished memoranda that were filed prior to May 2, 2019, which is a violation of this Court's procedures. **See** Internal Operating Procedures of the Superior Court of Pennsylvania, § 65.37(B) ("An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by Court or a party in any other action or proceeding . . . ."). Overall, Appellant's discussion of this novel argument is unavailing.